FULL NAME **ERIC JEROME PHILLIPS JR.**

COMMITTED NAME (if different) **BISMILLAHI VIELKA AKBAR**

FULL ADDRESS INCLUDING NAME OF INSTITUTION **1627 S. HARGRAVE STREET**
**BANNING, CA 92220/SCF**

PRISON NUMBER (if applicable) **#202807426**

FILED

2020 JUN 24  PM 2:23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**ERIC JEROME PHILLIPS JR.**

PLAINTIFF,

v.

**COUNTY OF RIVERSIDE —**
**ET. AL —**

DEFENDANT(S).

CASE NUMBER

**EDCV20-01266 VAP (MAA)**

*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner? ☒ Yes  ☐ No

2. If your answer to "1." is yes, how many? _**2**_

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

# PREVIOUS LAWSUITS

A) PARTIES TO THIS PREVIOUS LAWSUIT:
PLAINTIFF = ERIC JEROME PHILLIPS JR.—ET.AL
DEFENDANTS = COUNTY OF RIVERSIDE—ET.AL

B) COURT = U.S. DISTRICT COURT/CENTRAL DIVISION

C) DOCKET OR CASE NUMBER = 5:20-CV-02868-VAP-MAA

D) NAME OF JUDGE TO WHOM CASE WAS ASSIGNED=
HONORABLE VIRGINIA A. PHILLIPS

E) DISPOSITION = STILL PENDING

G) APPROXIMATE DATE OF FILING LAWSUIT = 4.20.20

H) APPROXIMATE DATE OF DISPOSITION = N/A

a. Parties to this previous lawsuit:
Plaintiff ERIC JEROME PHILLIPS JR.

Defendants COUNTY OF RIVERSIDE - ET.AL

b. Court U.S.DISTRICT COURT/CENTRAL DIVISION

c. Docket or case number 5:19-CV-01518-VAP-MAA

d. Name of judge to whom case was assigned HONORABLE VIRGINIA A.PHILLIPS

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) STILL PENDING

f. Issues raised: PROHIBITIONS ON RELIGOUS EXERCISES-SUBSTANTIVE DUE PROCESS VIOLATION

g. Approximate date of filing lawsuit: 8·14·19

h. Approximate date of disposition N/A

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes  ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes  ☐ No
If your answer is no, explain why not GRIEVANCES NOT BEING ANSWERED.

3. Is the grievance procedure completed? ☑ Yes  ☐ No
If your answer is no, explain why not GRIEVANCES UNAVAILABLE

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff ERIC JEROME PHILLIPS JR.
(print plaintiff's name)
who presently resides at LARRY D. SMITH CORRECTIONAL FACILITY,
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
RIVERSIDE COUNTY JAIL/RIVERSIDE COUNTY,CA
(institution/city where violation occurred)

on (date or dates) **7.13.15**

(Claim I) _____ (Claim II) _____ (Claim III) _____

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant **COUNTY OF RIVERSIDE** resides or works at
   (full name of first defendant)
   **N/A**
   (full address of first defendant)
   **GOVERNING BODY OF RIVERSIDE COUNTY**
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
**RESPONSIBLE FOR ALL ASSETS & FACILITIES WITHIN JURISDICTION**

2. Defendant **RIVERSIDE COUNTY SHERIFF DEPARTMENT** resides or works at
   (full name of first defendant)
   **N/A**
   (full address of first defendant)
   **SHERIFF DEPARTMENT OF RIVERSIDE COUNTY**
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
**RESPONSIBLE FOR ALL JAIL FACILITIES**

3. Defendant **CAPTAIN EDWARD DELGADO** resides or works at
   (full name of first defendant)
   **N/A**
   (full address of first defendant)
   **CAPTAIN FOR CBDC JAIL FACILITY**
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☐ official capacity.

Explain how this defendant was acting under color of law:
**RESPONSIBLE FOR ALL DETAINEES AT CBDC JAIL FACILITY**

---

CV-66 (7/97)                    **CIVIL RIGHTS COMPLAINT**                    Page 3 of 6

4.   Defendant   STANLEY SNIFF _____ resides or works at
(full name of first defendant)

N/A _____
(full address of first defendant)

EX-SHERIFF FOR RIVERSIDE COUNTY
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
EX-SHERIFF FOR THE COUNTY OF RIVERSIDE.
_____

5.   Defendant   N/A _____ resides or works at
(full name of first defendant)

N/A _____
(full address of first defendant)

N/A _____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
N/A
_____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

14TH AMENDMENT/SUBSTANTIVE DUE PROCESS RIGHTS CLAIM/1 WAS VIOLATED BY ALL DEFENDANTS

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1) CLAIM/1 CONCERNS THE PLAINTIFF CONDITIONS OF CONFINEMENT-THAT HAS BREACHED THE PLAINTIFF 14TH AMENDMENT-SUBSTANTIVE DUE PROCESS RIGHTS-TO BE FREE FROM PUNISHMENT AS A PRETRIAL DETAINEE.

2) THERE ARE/3 CUSTOMS IN EFFECT-BY DEFENDANTS COUNTY OF RIVERSIDE & RCSD-THROUGHOUT THE JAIL FACILITIES OF DEFENDANTS-THAT HAS IMPACTED THE PLAINTIFF CRIMINAL CASE DEFENSE & WELL-BEING.

3) THESE/3 CUSTOMS HAS BEEN IN EFFECT-SINCE THE PLAINTIFF HAS BEEN IN CUSTODY OF DEFENDANTS COUNTY OF RIVERSIDE & RCSD.

4) PLAINTIFF WAS A PRETRIAL DETAINEE WHEN CUSTOMS IMPACTED PLAINTIFF & IS CURRENTLY A PRETRIAL DETAINEE.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

PAGE 1/23

PAGE 2/23

# SUPPORTING FACTS

5) THE /3\ CUSTOMS ARE AS FOLLOWS:
1) DENIAL OF LEGAL RUNNER ACCESS
2) TAMPERING WITH & WITHHOLDING LEGAL MAIL
3) ENFORCING COMMUNAL PUNISHMENT & RACIAL SE-
GREGATION.

6) POLICIES & PRACTICES OF EACH CUSTOM WILL
BE ADDRESSED & EVENTS THAT TOOKED PLACED
ON THE PLAINTIFF—DUE TO THE ENFORCEM-
ENT OF CUSTOMS—WILL BE PLEAD.

7) ALL POLICIES OF EACH CUSTOM—WAS W-
RITTEN UP & APPROVED OF BY DEFENDANT
STANLEY SNIFF—WHO TRAIN & SUPERVISED A
LL SUBORDINATES IN ALL POLICIES OF—
THE /3\ CUSTOMS.

8) ALL PRACTICES CONCERNING THE /3\
CUSTOMS—WERE APPROVED OF BY DEFENDAN-
T STANLEY SNIFF—WHO TOOKED ACTION ON
ALL SUBORDINATES—TO ENFORCE ALL CUSTO-
MS ON DETAINEES—THROUGHOUT JAIL FACILITI-
ES OF THE RCSD.

9) DEFENDANT STANLEY SNIFF WAS THE S-
HERIFF FOR DEFENDANT RCSD—FROM APPR
OXIMATELY 7.13.16 THROUGH 1.1.19—WHEN
EACH CUSTOM IMPACTED THE PLAINTIFF.

10) ALL CUSTOMS ARE IN EFFECT—FOR THE
PURPOSES OF INFLICTING PUNISHMENT ON
DETAINEES IN CUSTODY OF DEFENDANT
S COUNTY OF RIVERSIDE & RCSD.

# SUPPORTING FACTS

11) CUSTOM 1) DENIAL OF LEGAL RUNNER ACCESS

POLICIES CONCERNING THIS CUSTOM IS AS SUCH:

1) LEGAL RUNNERS MAY NOT DELIVER LEGAL DOCUMENTS TO PROPRIA PERSONA DETAINEES IN COURT OR AT JAIL FACILITIES.

2) LEGAL RUNNERS MAY NOT PICK UP LEGAL DOCUMENTS FROM PROPRIA PERSONA DETAINEES IN COURT OR AT JAIL FACILITIES.

3) ALL DOCUMENTS COMING IN&OUT OF JAIL FACILITIES BY A LEGAL RUNNER-OF A PROPRIA PERSONA DETAINEE-WILL BE EXAMINED BY DEPUTIES.

4) NO CONTACT WITH LEGAL RUNNERS IN COURT WITH PROPRIA PERSONA DETAINEES & NO VISITATIONS WITH LEGAL RUNNERS & PROPRIA PERSONA DETAINEES AT JAIL FACILITIES.

12) DEFENDANT STANLEY SNIFF IMPLEMENTED THE FOREGOING POLICIES STATED IN PARAGRAPH /11\ -WITH THE SOLE INTENTION- OF DENYING PROPRIA PERSONA DETAINEES ACCESS TO A LEGAL RUNNER -IN ORDER TO DEPRIVE PROPRIA PERSONA DETAINEES OF ACCESS TO THE COURTS.

13) WHILE THE PLAINTIFF WAS ACTING IN PROPRIA PERSONA FOR CRIMINAL CASE — HOUSED AT CBDC JAIL FACILITY-FROM APPROXIMATELY 6·14·18 THROUGH 7·1·18 — THE PLAINTIFF LEGAL RUNNER VIELKA P-

AGE 4/23

# SUPPORTING FACTS

ATTEMPTED TO PICK UP LEGAL DOCUMENTS FROM THE PLAINTIFF AT CBDC—ON /3/ OCCASIONS—TO DROP OFF TO HIS INVESTIGATOR

14) DEFENDANTS RCSD & COUNTY OF RIVERSIDE DENIED THE PLAINTIFF LEGAL RUNNER ACCESS TO THE PLAINTIFF & HIS LEGAL DOCUMENTS ON ALL /3/ OCCASIONS.

15) THE LEGAL DOCUMENTS CONSISTED OF INVESTIGATIONS & RESEARCH—FOR THE PLAINTIFF INVESTIGATOR TO CONDUCT—IN ORDER FOR THE PLAINTIFF TO PREPARE CRIMINAL CASE DEFENSE.

16) ON APPROXIMATELY 6·30·18—8·30·18 & 9·20·18—PETITIONER LEGAL RUNNER VIELKA P.— ATTEMPTED TO PICK UP LEGAL DOCUMENTS FROM THE PLAINTIFF IN THE RIVERSIDE COUNTY SUPERIOR COURT—TO DISCLOSE TO THE PLAINTIFF INVESTIGATOR & DISCUSS LEGAL RUNS WITH PLAINTIFF.

17) DEFENDANTS COUNTY OF RIVERSIDE & RCSD DENIED THE PLAINTIFF FROM HAVING CONTACT WITH LEGAL RUNNER & PREVENTED—THE EXCHANGE OF ANY LEGAL DOCUMENTS WHILE IN COURT.

18) DEFENDANTS RCSD & COUNTY OF RIVERSIDE—HAVE STATED TO THE PLAINTIFF LEGAL RUNNER—"YOU ARE NOT A LEGAL RUNNER" "LEGAL RUNNERS ARE NOT ALLOWED VISITS

Age 5/23 # SUPPORTING FACTS

WITH DETAINEES" – ON THE /3\ OCCASIONS LEGAL RUNNER ATTEMPTED TO PICK UP LEGAL DOCUMENTS FROM PLAINTIFF AT CBDC JAIL FACILITY.

19) THE PLAINTIFF HAS ADDRESSED THE DENIAL OF LEGAL RUNNER ACCESS WITH DEFENDANTS COUNTY OF RIVERSIDE & RCSD – WHO STATED TO THE PLAINTIFF "WE DO NOT DO LEGAL RUNNERS IN THIS COUNTY & YOU ARE NOT ALLOWED ACCESS TO YOUR LEGAL RUNNER ON MULTIPLE OCCASIONS.

20) IN IT'S WHOLE – DUE TO DEFENDANTS RCSD & COUNTY OF RIVERSIDE – ENFORCING THIS CUSTOM ON THE PLAINTIFF – PLAINTIFF WAS PREVENTED FROM CONDUCTING INVESTIGATIONS IN CRIMINAL CASE – EXAMINING EVIDENCE & INTERVIEWING WITNESSES FOR CRIMINAL CASE DEFENSE.

21) PLAINTIFF WAS FURTHER PREVENTED FROM ASSERTING CLAIMS OF OBSTRUCTION OF JUSTICE & DUE PROCESS VIOLATIONS INVOLVED IN CRIMINAL CASE.

22) DEFENDANT STANLEY SNIFF FAILED TO ADEQUATELY TRAIN – ALL SUBORDINATES – IN DEALING WITH LEGAL RUNNERS IN COURTS & AT JAIL FACILITIES – WHICH ULTIMATELY IMPAIRED PLAINTIFF CRIMINAL CASE DEFENSE & TRIGGERED A SERIES OF FRUSTRATIONS IN DEFENSE.

PAGE 6/23

# SUPPORTING FACTS

23) *CUSTOM/2)/TAMPERING WITH & WITHHOLDING LEGAL MAIL

POLICIES CONCERNING THIS CUSTOM IS
AS SUCH:
1) ALL INCOMING LEGAL/CONFIDENTIAL
MAIL INTO ALL JAIL FACILITIES—
MUST SAY THE WORDS LEGAL MAIL ON E-
NVELOPE OR LEGAL MAIL WILL BE READ
OUTSIDE THE PRESENCE OF A DETAINEE BY
A DEPUTY—NO EXCEPTIONS.
2) DETAINEES ARE NOT ALLOWED TO KEPT
ENVELOPES LEGAL MAIL CAME IN AT ALL
JAIL FACILITIES.
3) DEPUTIES ARE TO PAST OUT MAIL MOND-
AY THROUGH SATURDAY—TO DETAINEES—AT THE-
RE OWN DISCRETION—AT ALL JAILS.
24) PRACTICES CONCERNING THIS CUSTOM IS AS
SUCH: 1) AT CBDC JAIL—DEPUTIES WILL RE-
AD CONFIDENTIAL/LEGAL MAIL OF A DETAI-
NEE—TO GAIN INFORMATION ON A DETAINEE
CRIMINAL CASE.
2) AT SCF JAIL—DEPUTIES WILL READ
CONFIDENTIAL/LEGAL MAIL OF A DETAIN-
EE—DUE TO POSING A SECURITY THREAT.
3) AT CBDC & SCF JAILS—DETAINEES ARE
NOT ALLOWED ACCESS TO ENVELOPE LEGAL
MAIL CAME IN OR ADDRESS FOR THE SENDER.
4) AT CBDC JAIL—DEPUTIES ARE NOT RESPONSI-
BLE FOR DETAINEES RECEIVING MAIL.

# AGE 23 SUPPORTING FACTS

25) DEFENDANT STANLEY SNIFF-IMPLEMENTED THE FOREGOING POLICIES & PRACTICES OF THIS CUSTOM & ORDERED ALL SUBORDINATES TO ENFORCE POLICIES ON DETAINEES AT ALL JAILS-FOR THE PURPOSES OF RESTRICTING DETAINEES ACCESS TO THE COURTS & MAIL-DENY DETAINEES CONFIDENTIAL/PRIVACY RIGHTS & TO MONITOR DETAINEES CRIMINAL CASE DEFENSES.

26) DEFENDANT STANLEY SNIFF-FAILED TO ADEQUATELY TRAIN ALL SUBORDINATES-IN DEALING WITH DETAINEES LEGAL/CONFIDENTIAL MAIL & MAIL IN GENERAL-AT ALL JAIL FACILITIES. THIS CAUSED DEFENDANTS RCSD & COUNTY OF RIVERSIDE-TO ACT RECKLESS TOWARDS THE PLAINTIFF CONFIDENTIAL/PRIVACY PRIVILEGES REGARDING LEGAL MAIL & TO RECEIVE & SEND MAIL.

27) WHEN THE PLAINTIFF WAS ACTING IN PROPRIA PERSONA-IN CRIMINAL CASE-WHILE HOUSED AT CBDC JAIL-FROM APPROXIMATELY 2.3.18 THROUGH 12.14.18-PLAINTIFF RECEIVED MULTIPLE-CONFIDENTIAL/LEGAL MAIL-FROM MULTIPLE LEGAL ENTITIES-WHICH THE DEFENDANTS COUNTY OF RIVERSIDE & RCSD-READ OUTSIDE OF THE PLAINTIFF PRESENCE.

28) THE LEGAL/CONFIDENTIAL MAIL-WAS INDICATED AS LEGAL MAIL ON ENVELOPES & CONCERNED THE PLAINTIFF CRIMINAL CASE DEFENSE.

# SUPPORTING FACTS

PAGE 8/23

29) THE PLAINTIFF HAS SUBMITTED MULTIPLE GRIEVANCES IN & ADDRESSED MULTIPLE DEPUTIES AT CBDC JAIL CONCERNING HIS LEGAL MAIL BEING READ OUTSIDE OF HIS PRESENCE & BEING TAMPERED WITH.

30) DEFENDANTS COUNTY OF RIVERSIDE & RVSD HAS STATED IN RESPONSE TO THE PLAINTIFF GRIEVANCES "WE CAN READ CONFIDENTIAL MAIL MAIL IT DOESN'T MATTER IF IS SAYS CONFIDENTIAL MAIL ON IT & OR COMES FROM A COURT ATTORNEY OR LEGAL ENTITY" ON MULTIPLE OCCASIONS.

31) DEFENDANTS COUNTY OF RIVERSIDE & RVSD HAS STATED TO THE PLAINTIFF "WE WILL READ IT TO GAIN INFORMATION ON YOU THAT'S OUR JOB TO GATHER INFORMATION SO THE D.A. CAN USE ON YOU SO BE ON YOUR BEST BEHAVIOR & NOBODY GIVES A FUCK ABOUT FEDERAL LAW HERE IN THIS COUNTY IT'S REALLY NOTHING YOU CAN DO" THIS WAS IN RESPONSE TO HIS GRIEVANCES SUBMITTED ABOUT LEGAL MAIL BEING READ BY DEPUTIES.

32) FROM APPROXIMATELY 2·3·18 THROUGH 12·14·18 PLAINTIFF SENT OUT (2) LETTERS FROM CBDC JAIL TO HIS INVESTIGATOR WHICH INVESTIGATOR NEVER RECEIVED OR THE USPS RECEIVED FROM CBDC.

ON 10·31·18 THE COUNTY OF RIVERSIDE SU-

PAGE 23

# SUPPORTING FACTS.

PERIOR COURT—SENT A COPY OF A RULING FOR A WRIT OF HABEAS CORPUS FILED IN COURT BY THE PLAINTIFF—WHICH THE PLAINTIFF NEVER RECEIVED A COPY OF—IN THE MAIL AT CBDC JAIL.

33) PLAINTIFF SUBMITTED MULTIPLE GRIEVANCES AT CBDC—CONCERNING LEGAL MAIL NOT BEING DELIVERED FROM JAIL & NOT RECEIVING MAIL.

34) DEFENDANTS COUNTY OF RIVERSIDE & RCSD—HAVE STATED TO THE PLAINTIFF—IN RESPONSE TO GRIEVANCES SUBMITTED—"WE ARE NOT RESPONSIBLE FOR YOU RECEIVING YOUR MAIL ON TIME & WE HAVE NO CONTROL OF WHEN MAIL LEAVES THE JAIL FACILITY."

35) PLAINTIFF WAS ACTING IN PROPRIA PERSONA—DURING THIS TIME PERIOD & NEEDED TO GET THE (2) LETTERS HE MAILED OFF TO INVESTIGATOR—TO CONDUCT INVESTIGATIONS & RESEARCH—FOR HIS CRIMINAL CASE DEFENSE—WHICH PLAINTIFF FAILED TO DO—DUE TO DEFENDANT RCSD FAILING TO MAIL OUT LETTERS AT CBDC.

36) DUE TO THE PLAINTIFF NOT RECEIVING RULING OF WRIT OF HABEAS CORPUS—MAILED OUT ON 10-1-18—THE DEFENDANTS RCSD & COUNTY OF RIVERSIDE PREVENTED THE PLAINTIFF FROM FILING A WRIT OF HABEAS CORPUS IN THE CA COURT OF APPEALS & EFFECTIVELY CONDUCTING CRIMINAL CASE DEFENSE.

PAGE 10/23

# SUPPORTING FACTS

37) FROM APPROXIMATELY 2·2·18 THROUGH 6·2·18 — WHILE IN CUSTODY OF DEFENDANTS RCSD & COUNTY OF RIVERSIDE — THE PLAINTIFF REQUESTED TO KEEP THE ENVELOPE OF LEGAL MAIL HE RECEIVED ON /40\ OCCASIONS & WAS DENIED BY THE DEFENDANTS RCSD & COUNTY OF RIVERSIDE — EVERYTIME.

38) THIS WAS AT SVF-CBDC & RPDC JAIL FACILITIES — WHERE THE PLAINTIFF WAS HOUSED AT.

39) PLAINTIFF ADDRESSED THIS ISSUE WITH DEFENDANTS RCSD & COUNTY OF RIVERSIDE ON MULTIPLE OCCASIONS — WHO STATED TO PLAINTIFF — "WE ARE NOT GIVING YOU YOUR ENVELOPE THE MAIL CAME IN — I DON'T GIVE A FUCK IF YOU NEED IT OR ARE PRO/PER."

40) PLAINTIFF NEEDED THE ENVELOPES — TO ADEQUATELY KEEP TRACK ON HIS MAIL & RECORDS — IN CRIMINAL & CIVIL CASES — USE AS EXHIBITS IN A WRIT OF HABEAS CORPUS FILED IN THE CA SUPREME COURT & FUTURE CLAIMS IN PENDING CRIMINAL & CIVIL CASES.

41) DEFENDANTS RCSD & COUNTY OF RIVERSIDE PREVENTED THE PLAINTIFF FROM CONDUCTING THE FOLLOWING STATED IN PARAGRAPH /40\ — WHICH DEPRIVED THE PLAINTIFF OF HIS ABILITY TO REPRESENT HIMSELF IN CRIMINAL & CIVIL CASES.

///

PAGE 11
AGE 23

# SUPPORTING FACTS

42) WHEN THE PLAINTIFF WAS HOUSED AT SCF J-AIL FROM 2·20·20 TO 6·18·20 — PLAINTIFF RE-CEIVED /25\ LETTERS FROM MULTIPLE COURTS & ENTITIES — INDICATING LEGAL MAIL ON EN-VELOPE — WHICH WAS READ BY DEFENDANTS RCSD & COUNTY OF RIVERSIDE — OUTSIDE PLAINTIFF PRESENCE.

43) ALL OF THE LEGAL MAIL — CONCERNED PL-AINTIFF CRIMINAL CASE.

44) THIS FURTHER CAUSED THE PLAINTIFF — FROM EFFECTIVELY CONDUCTING CRIMINAL CASE DEF-ENSE & CONDUCTING CONFIDENTIAL COMMUNICATIO-NS.

45) CUSTOM 3) COMMUNAL PUNISHMENT & RACIAL SEGREGATION POLICIES CONCERNING THIS CUSTOM IS AS S-UCH:

1) AT ALL JAIL FACILITIES — IN GENERAL POP-ULATION HOUSING — ALL DETAINEES ARE HOU-SED TOGETHER IN A CELL OR DORMITORY D-OUBLE BUNK — WITH ANOTHER DETAINEE OF T-HERE RACIAL ETHNICITY.

2) RACIAL SEGREGATION IS ENFORCED ON ALL DETAINEES AT EVERY JAIL — IN GENERAL POPULATION.

3) DEPUTIES MAY SHOW FAVORITISM TO DET-AINEES OF /1\ RACIAL ETHNICITY — FOR SECU-RITY PURPOSES — AT ALL JAILS.

4) DEPUTIES ARE TO CHOOSE /6\ DETAINEE

PAGE 12/23

# SUPPORTING FACTS

S-/2\ FROM EACH OF THE /3\ RACES—
BLACK/WHITE\HISPANIC & ASSIGN EACH OF
THE /2\ DETAINEES TO ACT AS REPRESENT-
ATIVES OR OVERSEERS OF THERE RACE.

5) THE JAIL FACILITIES HOUSING UNIT D-
AYROOMS ARE DESIGN FOR RACIAL SEGREGA-
TION & PORTIONS OF THE DAYROOMS ARE AS-
SIGNED TO EACH RACE.

46) PRACTICES CONCERNING THIS CUSTOM IS
AS SUCH:

1) DEPUTIES WILL ENCOURAGE & INCITE RACI
AL SEGREGATION & DISCRIMINATION BE-
TWEEN THE /3\ RACE GROUPS.

2) DEPUTIES ENCOURAGE & INCITE VIOLENC
E—RACIAL TENSION & RIOTS BETWEEN THE
/3\ RACE GROUPS.

3) DEPUTIES WILL ORDER THE OVERSEER-
S OF A RACE TO KEEP A DETAINEE OF
THERE RACE  IN ORDER—BY WHATEVER
MEANS  NECESSARY—INCLUDING FORCE.

4) DEPUTIES WILL LET THE OVERSEERS OF
A RACE—ORDER A HIT/ASSAULT ON A DE-
TAINEE & CONDUCT ASSAULT/HIT ON A
DETAINEE—TO SET AN EXAMPLE FOR OTHER
DETAINEES—TO FOLLOW DEPUTIES ORDERS.

5) DEPUTIES WILL PURPOSELY PUNISH A
HOUSING UNIT—FOR THE ACTIONS OF /1\
RACE—IN ORDER TO START A RACE RIOT

PAGE 13/23  SUPPORTING FACTS

6) IN A RACE RIOT—IF A DETAINEE OF /1\ RACE IS BEING ATTACKED BY MULTIPLE DETAINEES OF ANOTHER RACE & THE DETAINEE CHOOSE TO DEFEND ONESELF—CRIMINAL PROSECUTION WILL BE PURSUED—AGAINST THAT DETAINEE.

7) ALL DETAINEES ARE PUNISH FOR THE ACTIONS OF THERE CELLMATES & CRIMINALLY PROSECUTED AS WELL.

8) THE BLACK RACE OF DETAINEES IS TO BE HOUSED AT ALL JAILS APPROXIMATELY /1\ TO EVERY /5\ HISPANIC DETAINEES—SO THEY WILL BE OVERPOWERED BY HISPANICS DURING RACE RIOTS.

9) DEPUTIES PUT OVERSEERS IN CHARGE OF DETAINEES OF THERE RACE & HOLD THEM ACCOUNTABLE FOR THE ACTIONS OF THERE RACE—THEN REWARD OVERSEERS—FOR DOING THIS.

10) DEPUTIES WILL NOT ASSIT DETAINEES WITH SOMETHING NEEDED—WITHOUT 1ST SEEKING APPROVAL/ASSITANCE—FROM A OVERSEER.

47) DEFENDANT STANLEY SNIFF TRAINED ALL SUBORDINATES IN THE FOREGOING POLICIE & PRACTICES OF THIS CUSTOM—TO ENSURE RACIAL DISCRIMINATION IS EXERCISED ON DETAINEES—THROUGHOUT THE JAIL FACILITIES—BY SUBORDINATES.

PAGE 14/23

# SUPPORTING FACTS

48) WHEN DEFENDANTS RCSD & COUNTY OF RIVERSIDE EXERCISED THE POLICIES & PRACTICES ON THE PLAINTIFF WHILE HOUSED AT SCF-CBDC & RPDC JAIL FACILITIES FROM APPROXIMATELY 7·13·16 THROUGH 1·15·19 — PLAINTIFF WAS MENTALLY & PHYSICALLY TORMENTED — LEAVING THE PLAINTIFF MENTALLY UNSTABLE & LEFTED HIS CRIMINAL CASE DEFENSE PREPARATION FRUSTRATED IN IT'S WHOLE.

49) THE CONDITIONS THAT IMPACTED THE PLAINTIFF CRIMINAL CASE DEFENSE & WELL-BEING — IS AS FOLLOWS.

50) AT THE /3\ FACILITIES — THE DEFENDANTS COUNTY OF RIVERSIDE & RSCD — HANDPICKED /6\ DETAINEES — OF THE /3\ RACIAL ETHNICS — /2\ FOR EACH RACE — TO ACT AS OVERSEERS & TRUSTEES FOR THERE RACE — WHICH ARE ALSO KNOWN AS "MAC REPS" — AMONGST DETAINEES & DEFENDANTS.

51) THE /3\ RACES CONSIST OF BLACK/WHITE/HISPANIC — WHICH THE DEFENDANTS COUNTY OF RIVERSIDE & RCSD — HOUSED THE PLAINTIFF TOGETHER IN A CELL — WITH ANOTHER DETAINEE OF HIS RACE — A BLACK.

52) DEFENDANTS COUNTY OF RIVERSIDE & RCSD WOULD HANDPICK ONLY SHOTCALLERS & HIGH RANKING MEMBERS OF THE VARIOUS CRIP & BLOOD GANGS — SUCH AS THE ROLLIN

PAGE 23  SUPPORTING FACTS

CO'S CRIPS—HODVER CRIMINAL GANG—SEX CAS-
H&MURDER—BLACK P STONE BLOODS & THE EA-
ST COAST CRIPS—TO ACT AS "MAC REPS"—
FOR THE BLACK DETAINEES.

53) DEFENDANTS RCSD & COUNTY OF RIVERSIDE
ONLY HANDPICKED MEMBERS OF THE CRIMI-
NAL ORGANIZATIONS—SUCH AS "MEXICAN MA-
FIA"—"MS13"—"18 STREET"—"EAST RIVERAS 13"—
TO ACT AS "MAC REPS"—FOR THE HISPANIC DET-
AINEES.

DEFENDANTS ONLY HANDPICKED MEMBERS OF
THE WHITE SUPREMACY GROUP "ARYAN BR-
OTHERHOOD"—TO ACT AS "MAC REPS" FOR THE
WHITE DETAINEES.

54) DEFENDANTS RCSD & COUNTY OF RIVERSIDE
GIVE POWER TO THESE "MAC REPS"—TO
DEVISE THERE OWN METHODOLOGIES FOR
ALL DETAINEES TO FOLLOW.

55) DEFENDANTS RCSD & COUNTY OF RIVERSIDE—
GIVE FURTHER POWER TO THESE "MAC REPS"—TO
ENFORCE THERE METHODOLOGIES & THE DE-
FENDANTS METHODOLOGIES—BY ANY MEANS NE-
CESSARY—INCLUDING THE USE OF FORCE.

56) DEFENDANTS RCSD & COUNTY OF RIVERSIDE—EN-
COURAGE & SALUTE THE "MAC REPS"—FOR USE OF
FORCE ON DETAINEES—WHO BREAK A RULE & WO-
ULD COOPERATE WITH THE "MAC REPS"—TO EXECU-
TE A HIT OR ASSAULT ON A DETAINEE.

PAGE 16/23

# SUPPORTING FACTS

57) DEFENDANTS RCSD & COUNTY OF RIVERSIDE — COOPERATE WITH THESE "MAC REPS" — IN CARRYING OUT A ASSAULT ON A DETAINEE — BY LETTING OUT THE DETAINEE WHO IS KNOWN TO BE ASSAULTED INTO HOUSING UNIT DAYROOM — FOR THE "MAC REPS" — TO ASSAULT.

58) ONCE THE "MAC REPS" — ARE FINISHED — DEFENDANTS FURTHER COOPERATE WITH "MAC REPS" — TO GET THE DETAINEE MOVED TO ANOTHER HOUSING UNIT OR JAIL & SOMETIMES ALLOW THE DETAINEE TO BE ASSAULTED BY THE "MAC REPS" — AGAIN BEFORE FINALLY MOVED INTO A NEW HOUSING UNIT.

59) THESE ASSAULTS ARE KNOWN AS "DISCIPLINE" & "ROLL-OUTS" — AMONGST DEFENDANTS & DETAINEES.

60) DEFENDANTS RCSD & COUNTY OF RIVERSIDE REWARDS THESE "MAC REPS" — WITH THERE OWN SPECIAL PHONE ACCESS — APPROXIMATELY /2\ TO /3\ HOURS A DAY — LOCKING ALL DETAINEES IN A CELL — SO "MAC REPS" — WILL BE THE ONLY ONES OUT IN A DAYROOM — TO ACCESS A PHONE.

61) THESE "MAC REPS" — ARE REWARDED FOR CONDUCTING "ROLL-OUTS" — ON DETAINEES — PUTTING FEAR INTO DETAINEES & MAINTAINING ORDER.

62) A "ROLL-OUT" — CONSIST OF /3\ TO /9\ DETAINEES HANDPICKED BY "MAC REPS" — OF A RACE — TO ASSAULT THE DETAINEE — WHO IS BEING "ROLLED-OUT" — OF THERE RACE — TO THE POINT OF UNCONSCIOUS OR DEATH.

# SUPPORTING FACTS

63) A DETAINEE-WHO WAS SELECTED BY "MAC REPS"-TO PERFORM A "ROLL-OUT" & REFUSED WOULD BE "ROLLED-OUT"-AS WELL.

64) ON /2\ OCCASIONS-THE "MAC REPS"-SELECTED THE PLAINTIFF TO "ROLL-OUT"-A DETAINEE & THREATEN TO KILL THE PLAINTIFF-IF HE DID NOT PARTICIPATE-WHICH OUT OF FEAR FOR HIS LIFE-OBEYED THE ORDERS.

65) THESE "MAC REPS"-CONTROLLED WHEN THE PLAINTIFF MAY ACCESS A PHONE-MAY WORK ON HIS CRIMINAL CASE DEFENSE-MUST COME OUT OF HIS CELL-MAY ACCESS A LAW LIBRARY & WHEN HE MAY SEND OUT MAIL.

66) THIS CAUSED THE PLAINTIFF TO BE DENIED ACCESS TO A PHONE-FOR UP TO /2\ WEEKS AT TIMES-PREVENTED HIM FROM ACCESSING A LAW LIBRARY & CONDUCTING CRIMINAL CASE DEFENSE.

67) THESE "MAC REPS"-WOULD FORCE THE PLAINTIFF TO GIVE UP HIS CRIMINAL CASE EVIDENCE-TO EXAMINE-IN ORDER TO GAIN INFORMATION ON HIM & LIVE IN A DAYROOM.

68) THE "MAC REPS"-WOULD FORCE THE PLAINTIFF TO TURN OVER HIS MAIL-TO EXAMINE-BEFORE HE SENDS IT OUT & IF THE PLAINTIFF REFUSED-THREATEN TO KILL HIM-HAVE A HIT PLACED ON HIS FAMILY & OR GET A—"ROLL-OUT".

PAGE 18/23

# SUPPORTING FACTS

69) PLAINTIFF WAS FORBIDDEN BY THE "MAC REPS"-FROM CONTACTING ANY DEPUTY ABOUT WHAT GOES ON IN HOUSING UNITS & THREATS MADE AGAINST HIS LIFE.

IF THE "MAC REPS" OF ANY RACE FOUND OUT THE PLAINTIFF ADDRESSED DEPUTIES ABOUT WHAT GOES ON IN HOUSING UNITS-THEY WOULD IMMEDIATELY HAVE HIM— "ROLLED OUT" OR ATTEMPT TO KILL HIM.

70) THESE "MAC REPS"-CONTROLLED WHERE THE PLAINTIFF MAY WALK IN A DAYROOM-WHEN HE MAY SHOWER & WHO HE MAY TALK TO.

THESE "MAC REPS" CONDUCTED CRIMINAL ACTIVITIES FROM THE JAIL TO COMMUNITIES OUTSIDE OF JAIL-SUCH AS BRINGING IN DRUGS INTO THE JAIL,-WHICH THE PLAINTIFF WAS FORCED TO HIDE DRUGS & WEAPONS BY THE "MAC REPS"-ON A DAILY BASIS.

IF ANY OF THE FOLLOWING ORDERS WERE DISOBEYED BY PLAINTIFF-"MAC REPS"-WOULD CONDUCT A "ROLLOUT" ON HIM.

71) PLAINTIFF ADDRESSED THESE ISSUES STATED IN PARAGRAPHS /50\ TO /70\-ON MULTIPLE OCCASIONS-WITH DEFENDANTS COUNTY OF RIVERSIDE & RCSD-SPECIFICALLY HOW THESE CONDITIONS ARE PUTTING HIS LIFE IN DANGER & DENYING HIM ACCESS TO THE COURTS.

72) THROUGH GRIEVANCES & IN PERSON-WHICH DEFENDANT RCSD-STATED TO PLAINTIFF-"YOU JUST HAVE TO PRAY TO ALLAH IN ORDER TO SURVIVE"-"YOU MUST SUFFER"- "THERE AIN'T SHIT WE CAN DO FOR YOU"— "THIS IS APART OF JAIL"-"STOP PUTTING IN GRIEVANCES ABOUT THESE ISSUES OR I WILL MAKE YOU SUFFER MORE."

PAGE 19/23

# SUPPORTING FACTS

73) WHILE HOUSED AT CBDC JAIL & ACTING IN PRO/PER FOR CRIMINAL CASE—THE PLAINTIFF ADDRESSED THE FOREGOING MATTERS STATED IN PARAGRAPHS /5D\ THROUGH /7D\—EFFECTING HIS ABILITY TO EFFECTIVELY PREPARE HIS CRIMINAL CASE DEFENSE & PUTTING HIS LIFE AT RISK—WITH THE COMMANDER OF CBDC—DEFENDANT CAPTAIN EDWARD DELGADO—THROUGH MULTIPLE GRIEVANCE & THROUGH SUBORDINATES—FROM APPROXIMATELY 5·1·18 to 1·15·19.

74) DEFENDANT CAPTAIN EDWARD DELGADO FAILED TO ADEQUATELY INVESTIGATE INTO THE PLAINTIFF GRIEVANCES & ISSUES—WHICH CAUSED THE PLAINTIFF TO BE SUBJECTED TO PSYCHOLOGICAL INJURIES & KEPT THE PLAINTIFF LIFE AT RISK.

75) DEFENDANT CAPTAIN EDWARD DELGADO REFUSED TO HOUSE THE PLAINTIFF IN A SAFE HOUSING UNIT—AFTER THE PLAINTIFF MADE MULTIPLE REQUEST.

76) DEFENDANT CAPTAIN EDWARD DELGADO SENT THE PLAINTIFF A LETTER ON APPROXIMATELY 9·1·18—STATING & INDICATING THE PLAINTIFF GRIEVANCES WILL NO LONGER BE ANSWERED & HIS ABILITY TO PUT IN GRIEVANCES IS NO LONGER A OPTION.

77) DEFENDANT CAPTAIN EDWARD DELGADO—APPROVED OF HIS SUBORDINATES—THREATENING THE

PAGE 20/23

# SUPPORTING FACTS

PLAINTIFF LIFE—FOR ADDRESSING THE FORE-GOING MATTERS STATED IN PARAGRAPHS /50\ THROUGH /79\ & ON 8·28·18—SENT /2\ OF HIS SUBORDINATES DOWN TO THE PLAINTIFF HOUSING UNIT—TO THREATEN THE PLAINTIFF—LIFE.

78) DEFENDANT CAPTAIN EDWARD DELGADO—UNDER INFORMATION & BELIEF—ORDERED ALL SUBORDINATES TO STOP GIVING THE PLAINTIFF ACCESS TO A LAW LIBRARY—FROM APPROXIMATELY 9·1·18 TO 1·15·18.

79) WHICH PREVENTED THE PLAINTIFF—FROM CONDUCTING CRIMINAL CASE DEFENSE & CRITICALLY IMPAIRED HIS CRIMINAL CASE DEFENSE.

80) HOUSED AT ALL JAIL FACILITIES—THE DEFENDANTS COUNTY OF RIVERSIDE & RCSD—WOULD PUNISH THE PLAINTIFF—BY KEEPING HIM ON CELL LOCKDOWN—FOR UP TO /2\ WEEKS AT TIMES—FOR THE FOLLOWING ACTIONS OF OTHER DETAINEES:
1) ASSAULTS ON OTHER DETAINEES
2) SPEAKING DISRESPECTFUL TO STAFF
3) CELL LIGHTS COVERED UP & CELL DOORS.
4) STANDING OUT IN DAYROOM—WHEN DAYROOM IS OVER
5) PRESSING INTERCOM BUTTON
6) DETAINEES NOT FULLY DRESSED
7) DETAINEES NOT SHUTTING DOORS
8) RIOTS—RACIAL TENSION
9) DETAINEES TALKING TO OTHER DETAINEES

# SUPPORTING FACTS

81) EVERYTIME THE PLAINTIFF WAS PLACED ON LOCKDOWN—HE WOULD BE DENIED ACCESS TO A PHONE & LAW LIBRARY—WHICH IMPACTED HIS CRIMINAL CASE DEFENSE IN IT'S WHOLE

82) DEFENDANTS RCSD & COUNTY OF RIVERSIDE—WOULD DELIBERATELY PUNISH THE PLAINTIFF & ALL DETAINEES IN HOUSING UNIT—BY SHUTTING DOWN DAYROOM—PREVENTING ACCESS TO A PHONE & SHUTTING DOWN DAYROOM TV'S. THIS ESCALATED RACIAL TENSION AMONGST THE /3\ RACES—CAUSED RACE RIOTS & FURTHERED RACIAL SEGREGATION— AMONGST DETAINEES—PUTTING THE PLAINTIFF LIFE IN IMMEDIATE DANGER. IN IT'S WHOLE.

83) DEFENDANTS RCSD & COUNTY OF RIVERSIDE—WOULD DELIBERATELY SPREAD FALSE INFORMATION & RUMORS AMONGST THE /3\ RACES—IN ORDER TO INSTIGATE RACE RIOTS & RACIAL TENSION AMONGST DETAINEES.

84) DEFENDANTS RCSD & COUNTY OF RIVERSIDE—WOULD THREATEN THE "MAC REPS"—OF EACH RACE—TO PUNISH ALL DETAINEES FOR THE ACTIONS OF /1\ DETAINEE OF A RACE & ORDER "MAC REPS"—TO PUNISH THAT DETAINEE & RESTORE ORDER ON THERE BEHALF.

85) DEFENDANTS RCSD & COUNTY OF RIVERSIDE—FURTHER ENSURED PLAINTIFF LIFE WAS IN DANGER—BY THE EXERCISE OF THE ACTIONS STAT-

# SUPPORTING FACTS

ED IN PARAGRAPHS /83\ TO /84\.

86) WHENEVER THE PLAINTIFF CELIMATE WOULD DISOBEY A ORDER OR RULE OF DEFENDANTS RUSD & COUNTY OF RIVERSIDE-DEFENDANTS WOULD PUNISH PLAINTIFF BY DENYING HIM ACCESS TO A PHONE-DAYROOM & LAW LIBRARY.

87) AT CBDC JAIL-PLAINTIFF ADDRESSED THE FOREGOING ISSUES STATED IN PARAGRAPHS /80\ THROUGH /86\-WITH DEFENDANT CAPTAIN EDWARD DELGADO ON MULTIPLE OCCASIONS-THROUGH MULTIPLE GRIEVANCES.

88) WHICH THE DEFENDANT CAPTAIN EDWARD DELGADO-FAILED TO ADEQUATELY INVESTIGATE INTO THE PLAINTIFF GRIEVANCES.

89) DEFENDANT CAPTAIN EDWARD DELGADO FAILED TO PROTECT THE PLAINTIFF FROM PSYCHOLOGICAL INJURIES & CAUSED THE PLAINTIFF TO BE DEPRIVED OF CONDUCTING CRIMINAL CASE DEFENSE.

90) ON 4.2.19-PLAINTIFF RECEIVED A SUPERIOR COURT ORDER-TO REMAIN IN MENTAL HEALTH/SEGREGATION HOUSING-WHICH PLAINTIFF WAS HOUSED BY HIMSELF & NO RACIAL SEGREGATION OR COMMUNAL PUNISHMENT WAS ENFORCED IN THIS UNIT.

91) THIS ORDER WAS GRANTED FOR THE PLAINTIFF SAFETY & FOR HIM TO EFFECTIVELY PREPARE CRIMINAL CASE DEFENSE.

PAGE 23

# SUPPORTING FACTS

92) DEFENDANTS RCSD & COUNTY OF RIVERSIDE — REFUSED TO OBLIGE COURT ORDER — STATING TO THE PLAINTIFF — WHEN HE ADDRESSED WITH DEFENDANTS: "WE ARE THE LAW — YOUR COURT ORDER DON'T MEAN SHIT — WE'RE NOT RESPECTING THAT ORDER.

93) ON 5·15·19 — THE DEFENDANTS RCSD & COUNTY OF RIVERSIDE — PURPOSELY INFLICTED SERIOUS PHYSICAL & PSYCHOLOGICAL INJURIES ON THE PLAINTIFF — BY USING (5) EXPLOSIVES ON HIM IN A CELL & BEATING HIM DOWN TO THE GROUND.

94) THIS AMOUNT OF FORCE WAS EXERCISED ON THE PLAINTIFF BY DEFENDANTS RCSD & COUNTY OF RIVERSIDE — FOR REFUSING TO BE HOUSED IN A RACIAL SEGREGATION & COMMUNAL PUNISHMENT HOUSING — OUT OF FEAR FOR HIS LIFE.

95) IN IT'S TOTALITY — DEFENDANT STANLEY SNIFF — CAUSED THE PLAINTIFF TO SUFFER A EXTENSIVE AMOUNT OF MENTAL TRAUMA TO THE DEGREE OF MENTAL ANGUISH — PREVENTED PLAINTIFF FROM CONDUCTING INVESTIGATIONS & RESEARCH IN CRIMINAL CASE — DUE TO FAILING TO ADEQUATELY TRAIN & SUPERVISE ALL SUBORDINATES IN DEALING WITH DETAINEES OF DIFFERENT RACES & IN PUNISHING DETAINEES.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

A) GRANT DECLARATORY RELIEF AGAINST DEFENDANTS RCSD & COUNTY OF RIVERSIDE-DECLARING PLAINTIFF RIGHTS TO RECEIVE MAIL & CONFIDENTIAL RIGHTS THROUGH MAIL.

B) GRANT DECLARATORY RELIEF AGAINST DEFENDANTS RCSD & COUNTY OF RIVERSIDE-DECLARING PLAINTIFF RIGHTS TO ACCESS A LEGAL RUNNER.

C) GRANT A PERMANENT INJUNCTION AGAINST DEFENDANTS RCSD & COUNTY OF RIVERSIDE TO DO THE FOLLOWING FOR PLAINTIFF: 1) DISCLOSE ALL OF HIS MAIL TO HIM 2) STOP READING CONFIDENTIAL MAIL 3) TO OPEN UP LEGAL MAIL IN FRONT OF HIM.

D) GRANT A PERMANENT INJUNCTION AGAINST DEFENDANTS RCSD & COUNTY OF RIVERSIDE-TO DO THE FOLLOWING FOR PLAINTIFF: 1) ALLOW CONFIDENTIAL VISITS WITH LEGAL RUNNERS 2) ALLOW CONTACT WITH LEGAL RUNNERS IN COURT 3) ALLOW LEGAL RUNNERS TO DISCLOSE LEGAL DOCUMENTS & MATERIALS TO PLAINTIFF AT JAILS & IN COURT.

E) GRANT A PERMANENT INJUNCTION AGAINST DEFENDANTS COUNTY OF RIVERSIDE & RCSD-TO KEEP PLAINTIFF HOUSED IN MENTAL HEALTH/SEGREGATION UNIT

D) REWARD PLAINTIFF $350,000 IN PUNITIVE-NOMINAL & COMPENSATORY DAMAGES AGAINST ALL DEFENDANTS-JOINTLY & SEVERALLY

E) GRANT A JURY TRIAL ON ALL MATTERS

F) GRANT ANY FURTHER RELIEF IN THE INTEREST OF JUSTICE

6•21•20
*(Date)*

*(Signature of Plaintiff)*

LA-CPn-1---PC#2 2007426

1---- PINELINE STREET

----, CA 922.28

ATTN: U.S. DISTRI
CLERK OF CO
CO. COURTHOUSE
3470 TWELFTH ST. ROOM #1
RIVERSIDE, CA 92501

RECEIVED
CLERK, U.S. DISTRICT COURT

JUN 2 4 2020

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

DATE = 6.22.20



REYES N4051

ERIC WILLIPS 202007426
16321 S. HARGRAVE STREET
BANNING, CA 92220

LEGAL
MAIL

ATTN: CLERK OF
U.S. DISTRICT
COURT
U.S. COURT HOUSE
3470 TWELFTH STREET
ROOM #134
RIVERSIDE, CA 92501

DATE: 6·22·20